# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Sean M. Meadows,<br><br>Defendant. | Criminal No. 14-251 (SRN/JSM)<br><br>**ORDER** |

Benjamin F. Langner, James S. Alexander, and Melinda A. Williams, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff.

Lisa Lodin Peralta, Robins Kaplan LLP, 800 LaSalle Avenue, Suite 2800, Minneapolis, Minnesota 55402, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant's Sentencing Motions [Doc. No. 173], which include: Motion for Continuance of Sentencing Hearing, Motion for Writ of Habeas Corpus, Motion for Travel Order, and Motion for Leave to Brief and Reargue Sentencing Issues Undecided on Appeal. For the reasons set forth below, the Court grants in part, denies in part, and defers ruling on in part, Defendant's Motions.

## I.      Motion for Continuance of Sentencing Hearing

In the Motion for Continuance, Defendant requests that the sentencing hearing that was scheduled for May 27, 2016 be rescheduled to July 2016. (Sentencing Motions [Doc.

No. 173], at 2.) On May 11, the Court granted Defendant's request and rescheduled the hearing to July 22, 2016, at 2:00 p.m. (Text Entry [Doc. No. 174].)

## II. Motion for Writ of Habeas Corpus

In the Motion for Writ of Habeas Corpus, Defendant objects to appearing at his re-sentencing hearing via video conference and seeks a writ of habeas corpus to appear in person at that hearing. (Sentencing Motions at 2–3.) The Government takes no position on this Motion.

Except in limited circumstances not present here, Rule 43 of the Federal Rules of Criminal Procedure requires that a defendant "be present at . . . sentencing." Fed. R. Crim. P. 43(a)(3). Several courts have held that appearing by video conference does not satisfy the "presence" requirement under Rule 43 and, therefore, a defendant can be sentenced by video conference only if he or she consents. See United States v. Lawrence, 248 F.3d 300, 301, 305 (4th Cir. 2001) (holding that "'presence' in Rule 43 means physical presence," and vacating a sentence imposed on remand after the initial sentence was vacated because the district court imposed the new sentence via video conference over the defendant's objection); see also United States v. Williams, 641 F.3d 758, 764 (6th Cir. 2011) (holding that "a district court may not conduct a sentencing hearing by video conference," even though the defendant did not object at the time of sentencing and only raised the issue on appeal); United States v. Torres-Palma, 290 F.3d 1244, 1248 (10th Cir. 2002) (holding, in a case where the defendant objected to being sentenced via video conference, that "video conferencing for sentencing is not within the scope of a district court's discretion," despite the burden on the court); United States v. Navarro, 169 F.3d 228, 239 (5th Cir. 1999)

(holding, in a case in which the district court proceeded to sentence a defendant by video conference despite his refusal to consent, that "sentencing a defendant by video conferencing does not comply with Rule 43 because the defendant is not 'present'"). Because Defendant does not consent to appearing by video conference for his re-sentencing hearing, this Court grants his motion for a writ of habeas corpus to appear in person at the July 22 hearing.

### III.    Motion for Travel Order

In the Motion for Travel Order, Defendant seeks a travel order from FCI-Pekin (where he currently is incarcerated) to a Minnesota facility, as well as authorization for air fare for his attorney to travel to Pekin to meet with him to prepare for his re-sentencing hearing. (Sentencing Motions at 2.) The Government takes no position on this Motion.

Because the Court has granted Defendant's Motion for Writ of Habeas Corpus to appear in person at his re-sentencing hearing, the Court will grant Defendant's Motion for Travel Order to the extent it pertains to the transport of Defendant from FCI-Pekin to a Minnesota facility for purposes of attending the hearing. However, the Court denies Defendant's request for authorization for air fare for his attorney to travel to Pekin. Defendant will be able to have an in-person conference with his attorney after he has been moved to a Minnesota facility. To accommodate that meeting, the Court will order that Defendant be transported to a Minnesota facility on or before July 1, 2016.

### IV.    Motion for Leave to Brief and Reargue Sentencing Issues Undecided On Appeal

In the Motion for Leave to Brief and Reargue Sentencing Issues, Defendant requests leave to address at re-sentencing all issues raised or decided on appeal. (Sentencing

Motions at 3.) The Government is ordered to respond to this Motion on or before May 23, 2016, and the Court will defer ruling on this Motion until after it receives the Government's response.

V.   **Order**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Defendant's Sentencing Motions [Doc. No. 173] are **GRANTED IN PART, DENIED IN PART, AND DEFERRED IN PART**, as follows:

   a. Defendant's Motion for Continuance is **GRANTED**, and the sentencing hearing is rescheduled for July 22, 2016 at 2:00 p.m. in Courtroom 7B of the U.S. Courthouse, 316 N. Robert Street, St. Paul, Minnesota 55101;

   b. Defendant's Motion for Writ of Habeas Corpus is **GRANTED**;

   c. Defendant's Motion for Travel Order is **GRANTED IN PART AND DENIED IN PART**, as detailed herein;

   d. Defendant's Motion for Leave to Brief and Reargue Sentencing Issues Undecided on Appeal is **DEFERRED** and will be taken under advisement after the Court receives the Government's response, which is due on or before May 23, 2016.

2. Defendant shall be transported from FCI-Pekin to a Minnesota facility on or before July 1, 2016.

Dated: May 16, 2016                             s/Susan Richard Nelson
                                                SUSAN RICHARD NELSON
                                                United States District Judge