UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Sean M. Meadows,<br><br>Defendant. | Case No. 14-cr-251 (SRN/JSM)<br><br><br>**ORDER** |

Benjamin F. Langner, Melinda A. Williams, and James S. Alexander, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Lisa Lodin Peralta, Robins Kaplan LLP, 800 LaSalle Ave, Ste. 2800, Minneapolis, MN 55402, for Defendant Sean M. Meadows.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Sean Meadows' Motion for Leave to Brief and Reargue Sentencing Issues ("Meadows' Resentencing Motion") [Doc. No. 173]. For the reasons set forth below, the Meadows' Resentencing Motion is denied.

I. BACKGROUND

In December of 2014, Defendant Sean Meadows ("Meadows") pled guilty without a plea agreement to three counts of mail fraud, seven counts of wire fraud, and one count of money laundering. (See Court Minutes dated December 10, 2014 [Doc. No. 69].) Prior to sentencing, Meadows made numerous arguments related to the calculation of his sentences under the Sentencing Guidelines. (See Def.'s Position Regarding Sentencing Factors ("Def.'s Sent. Mem.") [Doc. No. 92].) In relevant part, he objected to the imposition of the

sophisticated means enhancement and an enhancement for violating security laws. (See id. at 2–3 and 10–12.) The Court rejected these arguments, imposing both enhancements. (See Hr'g Tr. dated June 26, 2015 at 158–59, 177 [Doc. No. 126].) Meadows was sentenced to 300 months in prison on the mail and wire fraud counts and 120 months on the money laundering count, with the sentences to run concurrently. (See Court Minutes dated June 26, 2015 [Doc. No. 116].)

Meadows appealed his sentence. United States v. Meadows, 637 F. App'x 255 (8th Cir. 2016). On appeal, he challenged this Court's application of the security laws and sophisticated means enhancements and argued his sentence was substantively unreasonable, but did not raise the issue of whether his sentence exceeded the statutory maximum for mail and wire fraud convictions. See id. It was the United States (the "Government"), in its appellate response briefing, that first noted that Meadows' sentence exceeded the statutory maximum for the mail and wire fraud counts.[1] See id. at 255–56. The Government requested that the Eighth Circuit Court of Appeals ("Eighth Circuit") modify this Court's sentence by imposing a 240-month sentence on the mail and wire fraud charges and a 60-month sentence on the money laundering charge with the sentences to run consecutively. Id. at 256.

The Eighth Circuit agreed Meadows' mail and wire fraud sentence exceeded the statutory maximums, but declined the Government's requested modification. See id. It held that "[t]he district court is in the better position to determine" whether Meadows' sentences

---

[1] At sentencing, neither Meadows nor the Government alerted this Court to the fact that a 300-month sentence on Meadows' mail and wire fraud counts exceeded the statutory maximum. See Meadows, 637 F. App'x at 256.

should run concurrently or consecutively according to the factors set forth in 18 U.S.C. § 3553(a). Id. Although the Eighth Circuit acknowledged Meadows' arguments about the enhancements and reasonableness of his sentence, it offered no substantive analysis of, or ruling on, those challenges. See id. at 255–56. Ultimately, the Eighth Circuit reversed Meadows' sentence and remanded the matter back to this Court. Id. at 256.

Meadows now asks that this Court allow him to brief and reargue issues that were not addressed by the Eighth Circuit (i.e., the sophisticated means and security laws enhancements). (See Meadows' Resentencing Mot. at 3.[2]) Meadows argues that granting his motion will promote judicial economy because it "may eliminate the need for a subsequent appeal or limit the issues which would be raised in a subsequent appeal." (Id.) The Government opposes rearguing those issues which the Eighth Circuit did not rule on. (See Gov't's Resp. to Def.'s Sentencing Mot. ("Gov't's Resp.") [Doc. No. 176].) It argues that the Eighth Circuit limited the scope of remand to imposing a sentence on the mail and wire fraud charges that is within the statutory maximum and deciding whether Meadows' sentences should run concurrently or consecutively. (See id. at 4–6.) Meadows contends that the Eighth Circuit did not limit the scope of remand as the Government claims, and thus this Court can consider his challenges to the security laws and sophisticated means enchancements. (See Mem. in Supp. of Mot. for Leave to Brief and Reargue Sentencing Issues ("Def.'s Mem. in Supp.") at 6–12 [Doc. No. 177].)

**II.   DISCUSSION**

---

[2] The Court cites to the page numbers as they appear in this document.

On remand for resentencing, a district court is "bound to proceed within the scope of any limitations imposed . . . by the appellate court." United States v. Curtis, 336 F.3d 666, 669 (8th Cir. 2003) (quoting United States v. Stapleton, 316 F.3d 754, 757 (8th Cir. 2003)). To avoid "giving the parties additional bites of the litigation apple[]" and the considerable demands on judicial resources associated with "repetitive hearings, followed by additional appeals," appellate courts often issue "limited remands . . . leaving open for resolution only the issue found to be in error on the initial sentencing."[3]  United States v. Santonelli, 128 F.3d 1233, 1238 (8th Cir. 1997). "Ultimately, the scope of a remand must be determined by reference to the analysis contained in the opinion." United States v. Kendall, 475 F.3d 961, 964 (8th Cir. 2007).

Here, the Eighth Circuit remanded this case for two specific purposes: (1) to impose a sentence in compliance with the statutory maximums for mail and wire fraud charges, and (2) to consider whether, in light of the factors set forth in 18 U.S.C. § 3553(a), Meadows' sentence for the mail and wire fraud should run concurrently or consecutively with his sentence for money laundering. See Meadows, 637 F. App'x at 256. Although the Eighth Circuit's order did not explicitly limit the scope of remand to these issues, such a limitation is implicit in its opinion.

The Eighth Circuit acknowledged Meadows' challenges to the sophisticated means and security laws enhancements, but did not substantively address them. See id. at 255–56. Instead, it considered only whether Meadows' mail and wire fraud sentences exceeded the

---

[3] The Eighth Circuit recognizes that "[i]n federal sentencing, more than one appeal is sometimes required[,]" and "in an appropriate case [the appellate court] may remand for a complete redetermination of the sentence." Santonelli, 128 F.3d at 1238.

statutory maximums for those counts and the Government's requested modification of Meadows' sentences.  See id. at 256.  The Eighth Circuit concluded that Meadows' sentence of 300 months exceeded the 20 year (240-month) maximum set by 18 U.S.C. §§ 1341, 1343 for mail and wire fraud.  Id.  However, it declined the Government's request to modify Meadows' sentence.  Id.  Specifically, the Eighth Circuit concluded that the district court was in a "better position" to determine whether Meadows' sentences should be served concurrently or consecutively according to the factors set forth in 18 U.S.C. § 3553(a).  Id.

Allowing Meadows to reargue his challenges to the security laws and sophisticated means enhancements would give him an impermissible "additional bite[] of the litigation apple."  See Santonelli, 128 F.3d at 1238.  This Court previously held that those enhancements apply, and the Eighth Circuit did not address Meadows' arguments to the contrary.  Instead, it remanded the case for resentencing based on the two limited issues described above, neither of which pertains to the enhancements.

Furthermore, limiting the scope of Meadows' resentencing will avoid wasting judicial resources.  Meadows previously argued the security laws and sophisticated means enhancements should not apply to his sentences, but this Court rejected those arguments. Nothing has transpired that warrants, let alone requires, this Court to reconsider that decision.  Allowing Meadows to reargue the enhancements would prolong resentencing, needlessly consuming judicial resources in the process.  See id. (noting that limited remands for resentencing are meant to avoid wasting judicial resources).  Denying Meadows' motion to reargue the enhancements at resentencing will not prejudice his ability to challenge those

enhancements in any subsequent appeal.[4]

### III.    ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Sean Meadows' Motion for Leave to Brief and Reargue Sentencing Issues [Doc. No. 173] is **DENIED**.

Dated:  July 7, 2016                              s/ Susan Richard Nelson
                                                  SUSAN RICHARD NELSON
                                                  United States District Judge

---

[4] "On appeal of a resentencing, we have refused to consider arguments that were not raised in the prior appeal where the mandate for resentencing was limited in scope." United States v. Alaniz, 413 F.3d 877, 879 (8th Cir. 2005).  Here, Meadows raised his challenges to the enhancements on his first appeal, meaning they are preserved for any appeal of his resentencing.  See Meadows, 637 F. App'x at 255.